## MACLOUGHLIN *v.* UNITED STATES (No. 1978).[1]

FASHION PLATES.

Figures of women wearing fashionable clothes, drawn on cardboard with pen and ink or pencil and colored with water colors, designed to illustrate the clothes, are classifiable as "original drawings and sketches in pen and ink or pencil and water colors" under paragraph 652, tariff act of 1913, rather than as manufactures of paper under paragraph 332. Similar cards, composed in large part of actual dress goods fabrics and other similar cards representing the interiors of rooms exhibiting designs of drapery, pictures of wall paper and linoleum designs, bolts of dress or upholstery fabrics, a couch with figured covering, and similar articles are not so classifiable; neither are they "works of art" under paragraph 376; their classification as manufactures of paper under paragraph 332 is not disturbed.

United States Court of Customs Appeals, February 2, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43063.

[Modified.]

*Finkler & McEntire* for appellants.

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

[Oral argument Dec. 19, 1919, by Mr. Finkler and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case is represented by five separate sheets of heavy cardboard, each being 20 by 24 inches in size, upon which appear pictures drawn in pen and ink or pencil and water colors. The pictures show female models posing in stylish designs of women's apparel, similar figures of children, also designs of dress fabrics and of various like materials and articles.

The collector classified the articles as manufactures of paper within the provisions of paragraph 332, tariff act of 1913, and accordingly assessed them with duty at the rate of 25 per cent ad valorem.

The importer protested, claiming free entry for the pictures under the provision for "original drawings and sketches in pen and ink or pencil and water colors," in paragraph 652 of the act, or alternatively claiming an assessment of duty at 15 per cent ad valorem upon the articles as "works of art" under paragraph 376.

The board considered the protest and overruled both of its claims, from which decision the importer appeals.

---

[1] T. D. 38261 (38 Treas. Dec., 88).

For the purposes of this decision the five cardboards in question must be considered separately. They may be described as follows:

1. A card upon which appear the figures of three women, posing in handsome and fashionable dresses, two of them wearing stylish hats, the third carrying a bouquet of flowers. These figures were drawn with pen and ink or pencil, and were colored with water colors.

2. A card upon which appear four female figures substantially similar to those just above described.

3. A card containing at the top a picture of two children represented as holding several cords from which pieces of dress goods of various designs appear to be suspended. In the lower corners appear the pictures of two women surrounded by painted designs of dress fabrics. In the center is pasted the picture of a woman and child surrounded by designs of dress fabrics. Upon each side of this picture are actual samples of the fabrics themselves, consisting of small squares cut from the goods and pasted upon the cardboard. In the lower center are small squares of paper painted to represent dress fabrics, and pasted in a cluster upon the cardboard.

4. A card at the top of which appear the pictures of two women surrounded by samples of dress fabrics, the women being painted upon the cardboard, while the samples consist of actual squares of goods which are pasted thereon. In the center appears a woman's figure with painted designs of dress goods. The rest of the card consists of painted designs of dress goods and actual samples of such goods pasted upon the surface.

5. A card upon which appear pictures of the interiors of rooms exhibiting designs of drapery, also pictures of wall paper and linoleum designs, bolts of dress or upholstery fabrics, a couch with figured covering, and similar articles.

As to the first and second of the cards thus described we may say that they fall directly within the ruling of this court in the case of the American Colortype Co. v. United States (9 Ct. Cust. Appls., 212; T. D. 38046); and accordingly they are held to be free of duty as "original drawings and sketches in pen and ink or pencil and water colors," governed by paragraph 652, supra.

We do not, however, consider the other three cards now in question to be within the rule laid down in the case just cited, nor are they entitled to free entry under the principles therein defined. For these cards differ from the cards then before the court in two essential particulars. In the case of two of the present cards substantial parts of the figures laid thereon are composed of sample pieces of actual dress goods, and this fact plainly takes the pictures out of the description of "original drawings and sketches in pen and ink or pencil and water colors." It is true, as argued by counsel, that these small squares of dress goods possess but slight intrinsic value as compared

with the cost of the entire pictures of which they are parts. But this statement would be equally true of the water color, or ink or pencil marks, by means of which the pictures are laid upon the card-boards. In each case it is the skill and labor employed in fabricating the cards which give them their final value, and not the physical materials composing them. But it is nevertheless true that a picture which in a substantial part of its area and of the figures composing it, is constructed of actual dress goods, is not entitled to the description of an original drawing or sketch in pen and ink or pencil and water colors. The other of the three cards last described differs from those in the Colortype Co. case in the particular that it is plainly not an *original* drawing or sketch. For it consists in large part of exact copies or cuts of various kinds of merchandise, such as rolls of wall paper, linoleum, upholstery goods, and similar articles, and these do not possibly admit of any originality either in their conception or execution. This fact effectually forbids their classification as *original* drawings or sketches in pen and ink or pencil and water colors.

The description of the articles as given above sufficiently discloses also that they are not ''works of art.''

According to these views we reverse the decision of the board in so far as it overruled the protest in relation to the first two pictures hereinabove described, and affirm the board's decision in so far as it relates to the other three pictures which are involved herein.

*Modified.*

### CONCURRING OPINION.

SMITH, Judge. The question involved in this case was decided in the case of American Colortype Co. et al. *v.* United States (9 Ct. Cust. Appls., 212; T. D. 38046). On the authority of that decision I concur in the conclusion here reached.